Isaac Derek Zorea
Attorney & Counselor at Law
P.O. Box 210434
Anchorage, AK 99521
Phone: (907) 830-1385
Fax: (800) 536-1071

FILED in the Trial Courts
State of Alaska Third District

DEC 0 6 2021

Clerk of the Trial Courts
By_____Deputy

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| Warren Camp,<br><br>    Plaintiff,<br><br>vs.<br><br>Hilcorp Alaska, LLC,<br><br>    Defendant. | 08843<br>Case No. 3AN-21-   CI |

## COMPLAINT

COMES NOW, Warren Camp, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Warren Camp, resided in Soldotna, Alaska, within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, Hilcorp Alaska, LLC (Hilcorp), has maintained significant business connections in Anchorage, Alaska, Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

## II. FACTS

2.1. Warren Camp was an original hire when Hilcorp began its operations in Alaska. He worked for Hilcorp between January 1, 2012 through to August 1, 2019, the date of his termination.

2.2. For the entire duration of his employment, Warren Camp received positive reviews and compliments for his work by his supervisors. Receiving merit increases every year, Mr. Camp was the highest paid individual in his position at the time of his termination.

2.3. During the course of his employment, Hilcorp consistently relied on Mr. Camp's experience and skillset by having him train many new employees.

2.4. Toward the end of 2018, Mr. Camp overheard a conversation between Bo York and Chad Helgesen, wherein these two managers discussed the need for Hilcorp to train a "younger workforce" to replace the current aging workforce.

2.5. During much of his employment, Mr. Camp worked in the Beaver Creek site but in September 18, 2018 he was moved to Swanson River. Along with being transferred to Swanson River, his job title switched from lead operator. He was not given any cause for this job location switch or job title switch.

2.6. During his time working at Swanson River, Warren Camp received no write ups or reprimands. Instead he was singled out for his expertise to attend hazard analysis training in Anchorage during May 28, 2019.

2.7. After attending the hazard analysis training. Mr. Camp's supervisor Bo York seemed to try and connect him to a issue with the catalyst for the sale gas compressor – even though it was clear that he had no connection to any misconduct related to this issue, which occurred over a year earlier.

2.8. Without providing a formal letter of termination, or alleging any misconduct on his part, Bo York terminated Warren Camp suddenly on August 1, 2019. While Hilcorp decided to terminate Mr. Camp it retained the services of numerous less experienced employees, who were under the age of 40 years old.

2.9. At the time of his termination on August 1, 2019, Mr. Camp was considerably older than 40 years old and had been very capably performing all the legitimate work expectations of his employer.

2.10. After his termination, Mr. Camp brought his claims before the Anchorage Equal Rights Commission and the Equal Employment Opportunity Commission, and now before the Alaska Superior Court.

## CAUSES OF ACTIONS

A. <u>DISPARATE TREATMENT ON THE BASIS OF AGE IN VIOLATION OF 29 U.S.C. § 623 AND/OR AS 18.80.220(A)(1)</u>

3.1. Warren Camp incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.10, and alleges that defendant, Hilcorp Alaska LLC, discriminated against him on the basis of his age.

3.2. Warren Camp alleges that at all times relevant to this lawsuit he was over forty years of age, and was performing his job duties to the expectation of his employer, receiving no significant progressive discipline or verbal counseling.

3.3. Warren Camp alleges that Bo York, a manager for defendant, treated him in a disparate manner based on his age during his employment.

3.4. Plaintiff Warren Camp alleges that despite satisfactorily performing all his employer's reasonable expectations, he was terminated from his employment and employees who were under 40 years old, with considerable less experience than he had, remained employed.

3.5. For Hilcorp Alaska, LLC's violation by discriminating against him based on his age, Plaintiff seeks all damages available under law, specifically as outlined in 29 U.S.C. § 216(b), including back pay, future pay, actual attorney fees and prejudgment interest, and liquidated damages and/or all damages permitted under state law.

## PRAYER OF RELIEF

WHEREFORE, Plaintiff Warren Camp, requests judgment against defendant Hilcorp Alaska, LLC, as follows:

1. Full and complete payment of all back wages, future wages, prejudgment interest, liquidated damages, and punitive damages caused when Hilcorp Alaska, LLC, treated him in a disparate manner because of his Age, in an amount within the jurisdictional limit of this court, with an exact amount to be proven at trial.

3. Plaintiff seeks punitive damages and emotional distress damages in an amount to be decided at trial.

4. Plaintiff Warren Camp seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

Dated: December 6, 2021

/Isaac Zorea
Isaac D. Zorea
ABA No. 0011090
Counsel for Warren Camp